IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-00291-MSK-MEH

KEVIN AGUILAR,

    Plaintiff,
v.

DEPARTMENT OF HOMELAND SECURITY and
MICHAEL CHERTOFF,

    Defendants.

## RECOMMENDATION FOR DISMISSAL

This matter comes before the Court *sua sponte* based on counsel for Plaintiff's failure to respond to the Order to Show Cause issued on May 8, 2008, concerning Plaintiff's failure to prosecute this case. As set forth below, the Court recommends that this case be **dismissed without prejudice** for failure to prosecute.

**I.**      **Background**

This case was transferred to this District on February 11, 2008, from the Western District of Texas. Dock. #1. Pursuant to the standard operating procedure of this Court, on February 25, 2008, this matter was set for a Rule 16(b) Scheduling/Planning Conference to be held on May 8, 2008. Dock. #7. Notice of these conferences was mailed to the address that Plaintiff's counsel has maintained on file with the office of the Clerk of this Court.

On May 8, 2008, Plaintiff failed to appear at the Scheduling/Planning Conference. At the conference, Defendants' counsel stated that he was unable to contact Plaintiff's counsel prior to the conference and that Plaintiff provided no input into the Proposed Scheduling Order. Thus, no Rule 26(f) meeting has occurred in this case. Dock. #7. Nothing in the record indicates that Plaintiff has filed anything with the Court since this case was transferred from the Western District of Texas, or

made any attempt to otherwise prosecute his claims. The record demonstrates that no request for continuance of the scheduling conference had been made by the Plaintiff. Prior to the conference, Cathy Coomes, my courtroom deputy, also attempted to contact Plaintiff's counsel, but the telephone number to his office has been disconnected.

Moreover, the Court issued an Order to Show Cause outlining Plaintiff's failures on May 8, 2008, and ordering counsel for Plaintiff to "show cause in writing no later than May 19, 2008, why this Court should not dismiss this case for failure to prosecute and/or require Plaintiff to pay Defendants' costs and reasonable attorney's fees connected with the Scheduling Conference for Plaintiff's failure to appear in Court, failure to comply with this Court's Orders, and failure to cooperate with opposing counsel in the discovery process." Dock. #11. Counsel for Plaintiff was further directed to "serve a copy of this Order to Show Cause on Plaintiff and [to] file a Notice of Service with the Court on or before May 19, 2008." *Id.* The Order to Show Cause was mailed to the office for Plaintiff's counsel, but Plaintiff filed no response.

## II. Discussion

The Federal Rules of Civil Procedure give a district court ample tools to deal with a recalcitrant litigant. *See Jones v. Thompson*, 99 F.2d 261, 264 (10th Cir. 1993). Rule 16(f) enables the court to impose sanctions, including dismissal, when a party fails to appear at a scheduling or pretrial conference. *See id.* Rule 37(b)(2) permits the court to dismiss the action where a party fails to obey an order to provide or permit discovery. *See id.* Rule 41(b) allows a defendant to move for dismissal of an action if the plaintiff fails to prosecute or to comply with a court order. *See id.* Although the language of Rule 41(b) requires that the defendant file a motion to dismiss, the Rule has long been interpreted to permit courts to dismiss actions *sua sponte* for a plaintiff's failure to prosecute or comply with the rules of civil procedure or the court's orders. *Link v. Wabash R.R. Co.*,

370 U.S. 626, 630-31 (1962). A court also has an "inherent power" to "levy sanctions in response to abusive litigation practices." *See Jones*, 996 F.2d at 264 (quoting *Roadway Express, Inc. v. Piper*, 447 U.S. 752, 765 (1980); *Turnbull v. Wilcken*, 893 F.2d 256, 258-59(10th Cir. 1990)). Before dismissing a case, the Court must consider whether lesser sanctions are appropriate. *Ehrenhaus v. Reynolds*, 965 F.2d 916, 921 (10th Cir. 1992) (listing five non-exhaustive factors to consider prior to dismissing a case with prejudice as a sanction).

In this case, Plaintiff has failed to prosecute his claims with due diligence, or to show cause as to why he cannot, as directed by the Order to Show Cause. Additionally, Plaintiff failed to appear for the May 8, 2008, Scheduling/Planning Conference or to request a continuance of the conference if he was unable to appear. Nor has he demonstrated cause for his failure to participate in the preparation of a Proposed Scheduling Order. In short, it appears that Plaintiff has lost interest in and has abandoned this case, lost touch with the Court, or both. Pursuant to D.C.Colo.L.Civ.R. 10.1.M, any change of address, telephone number, or email address must be provided to the Clerk of the Court within ten days. Counsel for Plaintiff has failed to do so.

While it is counsel for Plaintiff that has lost touch with the Court, these failures are properly imputed to Plaintiff. *E.g.*, *Boogaerts v. Bank of Bradley*, 961 F.2d 765, 768 (8th Cir. 1992) ("A litigant chooses counsel at his peril. Counsel's disregard of his professional responsibilities can lead to extinction of his client's claims."); *see also Link v. Wabash RR. Co.*, 370 U.S. 626, 633-34 (1962) ("There is certainly no merit to the contention that dismissal of petitioner's claim because of his counsel's unexcused conduct imposes an unjust penalty on the client. Petitioner voluntarily chose this attorney as his representative in the action, and he cannot now avoid the consequences of the acts or omissions of this freely selected agent."). Holding a client accountable for the actions of his counsel is proper to avoid the prejudice to Defendants resulting from their inability to defend against

the lawsuit, while, at the same time, allowing a plaintiff, if he is truly aggrieved, to pursue a malpractice action. *Inman v. American Home furniture Placement*, 120 F.3d 117, 119 (8th Cir. 1997) (citing *Link*, 370 U.S. at 634 n.10).

Moreover, I have reviewed the record before the Court, and none of the documents of record provide either an address of telephone number for Plaintiff. Unfortunately, because of the failures of counsel for Plaintiff, this Court has no means of contacting Mr. Aguilar to determine whether he would wish to obtain new counsel or to proceed *pro se*. Without any means of contacting either counsel for Plaintiff or Mr. Aguilar, no lesser sanction, other than dismissal of this action against Defendants, will suffice. Accordingly, dismissal without prejudice is warranted, and this Court so recommends.

**III.    Conclusion**

Based on the foregoing, and the entire record herein, the Order to Show Cause dated May 8, 2008, is **made absolute**, and this Court RECOMMENDS that this case be **dismissed without prejudice** for failure to prosecute. Under Fed. R. Civ. P 72, the parties shall have ten (10) days after service of this Recommendation to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned.[1]

Dated at Denver, Colorado, this 27th day of May, 2008.

---

[1] The party filing objections must specifically identify those findings or recommendations to which the objections are being made. The District Court need not consider frivolous, conclusive, or general objections. A party's failure to file such written objections to proposed findings and recommendations contained in this report may bar the party from a *de novo* determination by the District Judge of the proposed findings and recommendations. *United States v. Raddatz*, 447 U.S. 667, 676-83 (1980); 28 U.S.C. § 636(b)(1). Additionally, the failure to file written objections to the proposed findings and recommendations within ten (10) days after being served with a copy of this Recommendation may bar the aggrieved party from appealing the factual findings of the Magistrate Judge that are accepted or adopted by the District Court. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991); *Niehaus v. Kansas Bar Ass'n*, 793 F.2d 1159, 1164 (10th Cir. 1986).

BY THE COURT:

s/Michael E. Hegarty
Michael E. Hegarty
United States Magistrate Judge